1 | **JENNIFER L. COON**
California State Bar No. 203913
2 | **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3 | San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
4 | E-Mail: jennifer_coon@fd.org

5 | Attorneys for Mr. Rivas

6

7

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | **(HONORABLE JANIS L. SAMMARTINO)**

11 | UNITED STATES OF AMERICA,                    )    CASE NO. 08CR0828-JLS
                                                 )
12 |              Plaintiff,                      )    DATE:        June 6, 2008
                                                 )    TIME:        1:30 p.m.
13 | v.                                           )
                                                 )    STATEMENT OF FACTS AND
14 | JOSE CARMEN RIVAS-CHAVEZ,                     )    MEMORANDUM OF POINTS AND
                                                 )    AUTHORITIES IN SUPPORT OF MOTIONS
15 |              Defendant.                      )
    _____     )

16

17 | **I.**

18 | **BACKGROUND**

19 | On February 21, 2008, Mr. Rivas was arrested.  On March 20, 2008, the government filed a three-

20 | count information charging violations of 8 U.S.C. § 1325.

21 | These motions follow.

22 | **II.**

23 | **MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

24 | Mr. Rivas moves for the production of the following discovery.  This request is not limited to those

25 | items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody,

26 | control, care, or knowledge of any "closely related investigative [or other] agencies."  See United States v.

27 | Bryan, 868 F.2d 1032 (9th Cir. 1989).

28 | //

1       Mr. Rivas has received only 35 pages of discovery and a DVD in this case.  Mr. Rivas has reason to

2 believe that he has not yet received all the discoverable material in his case.  In particular, Mr. Rivas

3 specifically requests copies of **all documents proving the convictions which allegedly enhance his**

4 **sentence**.  Mr. Rivas also specifically requests copies of the **audiotapes of his removal hearing(s)** as well

5 as **all documents memorializing any removal proceedings** and any other proceedings that the government

6 intends to rely upon at trial.

7       He has also not received a **full copy of his A-file**.  Mr. Rivas thus requests the opportunity to examine

8 his A-file in its entirety.  First, the A-file will have documentation concerning prior deportation(s).  Part of

9 Mr. Rivas's defense in this case may be that his underlying deportation was invalid.  The documents in the

10 A-file would help illuminate the validity or futility of such a defense.  For example, A-file documents

11 typically contain biographical information.  Such information is essential to determining whether Mr. Rivas's

12 deportation is invalid.

13       Second, the government will likely try to show, at trial, that a government officer searched the A-file

14 and did not find an application by Mr. Rivas for permission to enter the United States.  Mr. Rivas anticipates

15 that the government will attempt to admit a "Certificate of Non-Existence" against him, arguing that if Mr.

16 Rivas had ever applied for permission to enter the United States, such an application would be found in the

17 A-file, and because such an application is not in the A-file, Mr. Rivas must not have applied for permission

18 to enter the united States.  Should such a certificate be admitted, the thoroughness of the search of the A-file

19 should be open to cross-examination.  <u>United States v. Sager</u>, 227 F.3d 1138, 1145 (2000) (error not to allow

20 jury to "grade the investigation.").  Mr. Rivas should be able to search his A-file to see whether any

21 application for lawful admission exists.  Moreover, Mr. Rivas should also be able to verify whether other

22 documents that would ordinarily be in the A-file are "non-existent," or otherwise missing from his A-file.

23 Mr. Rivas may assert a defense that his application for lawful entry was lost or otherwise misplaced by the

24 government.  He must be allowed the opportunity to review his A-file and the manner in which it is being

25 maintained by the government in order to present this defense.

26      In addition, Mr. Rivas moves for the production of the following discovery:

27      (1)    <u>The Defendant's Statements</u>.  The government must disclose to the defendant <u>all</u> copies of any

28 written or recorded statements made by the defendant; the substance of any statements made by the defendant

1  which the government intends to offer in evidence at trial -- either in its case-in-chief or in rebuttal; see id.,

2  any response by the defendant to interrogation; the substance of any oral statements which the government

3  intends to introduce at trial and any written summaries of the defendant's oral statements contained in the

4  handwritten notes of the government agent; any response to any Miranda warnings which may have been

5  given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A)[1]. The

6  Advisory Committee Notes and the 1991 Amendments to Rule 16 make clear that the Government must

7  reveal all the defendant's statements, whether oral or written, regardless of whether the government intends

8  to make any use of those statements. Federal Rule of Criminal Procedure 16 is designed "to protect the

9  defendant's rights to a fair trial." United States v. Rodriguez, 799 F.2d 649 (11th Cir. 1986); see also United

10 States v. Noe, 821 F.2d 604, 607 (11th Cir. 1987) (reversing conviction for failure to provide statements

11 offered in rebuttal -- government's failure to disclose statements made by the defendant is a serious detriment

12 to preparing trial and defending against criminal charges).

13      (2)    Arrest Reports and Notes.  The defendant also specifically requests that the government turn

14 over all arrest reports, notes and TECS records not already produced that relate to the circumstances

15 surrounding his arrest or any questioning.  This request includes, but is not limited to, any rough notes,

16 records, reports, transcripts, referral slips, or other documents in which statements of the defendant or any

17 other discoverable material is contained.  Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A)

18 and Brady v. Maryland.  The government must produce arrest reports, investigators' notes, memos from

19 arresting officers, sworn statements, and prosecution reports pertaining to the defendant.  See Fed. R. Crim.

20 P. 16(a)(1)(B) and (C), 26.2 and 12(I); United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (original

21 notes with suspect or witness must be preserved); see also United States v. Anderson, 813 F.2d 1450, 1458

22 (9th Cir. 1987) (reaffirming Harris' holding).

23      (3)    Brady Material.  The defendant requests all documents, statements, agents' reports, and

24 tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the

25 government's case.  Kyles v. Whitley, 514 U.S. 419 (1995).  Under Brady, Kyles and their progeny,

26 impeachment, as well as exculpatory evidence, falls within the definition of evidence favorable to the

27 _____

28      [1]  Of course, any of Mr. Rivas's statements, which are exculpatory, must be produced, as
    well.  See Brady v. Maryland, 373 U.S. 83 (1963).

1  accused.  See also United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

2  This includes information obtained from other investigations which exculpates Mr. Rivas.

3      (4)    Any Information That May Result in a Lower Sentence Under The Guidelines.  The

4  government must also produce this information under Brady v. Maryland.  This request includes any

5  cooperation or attempted cooperation by the defendant, as well as any information, including that obtained

6  from other investigations or debriefings, that could affect any base offense level or specific offense

7  characteristic under Chapter Two of the Guidelines.  The defendant also requests any information relevant

8  to a Chapter Three adjustment, a determination of the defendant's criminal history, and information relevant

9  to any other application of the Guidelines.

10     (5)    The Defendant's Prior Record.  The defendant requests disclosure of his prior record.

11  Fed. R. Crim. P. 16(a)(1)(B).

12     (6)    Any Proposed 404(b) Evidence.  The government must produce evidence of prior similar acts

13  under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.  In addition, "upon request of the

14  accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of

15  any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial and the purpose for

16  which introduction is sought.  This applies not only to evidence which the government may seek to introduce

17  in its case-in-chief, but also to evidence which the government may use as rebuttal.  See United States v.

18  Vega, 188 F.3d 1150 (9th Cir. 1999).  The defendant is entitled to "reasonable notice" so as to "reduce

19  surprise," preclude "trial by ambush" and prevent the "possibility of prejudice."  Id.; United States v. Perez-

20  Tosta, 36 F.3d 1552, 1560-61 (11th Cir. 1994).  Mr. Rivas requests such reasonable notice at least two weeks

21  before trial so as to adequately investigate and prepare for trial.

22     (7)    Evidence Seized.  The defendant requests production of evidence seized as a result of any

23  search, either warrantless or with a warrant.  Fed. R. Crim. P. 16(a)(1)(C).

24     (8)    Request for Preservation of Evidence.  The defendant specifically requests the preservation

25  of any and all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody,

26  or care of the government and which relates to the arrest or the events leading to the arrest in this case.  This

27  request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects,

28  and any evidence seized from the defendant or any third party in relation to this case.

(9)    <u>Henthorn Material</u>.  Mr. Rivas  requests that the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the present case for impeachment material.  <u>Kyles</u>, 514 U.S. at 419; <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); <u>United States v. Lacy</u>, 896 F. Supp. 982 (N.D. Ca. 1995).  At a minimum, the prosecutor has the obligation to inquire of his agents in order to ascertain whether or not evidence relevant to veracity or other impeachment exists.

(10)    <u>Tangible Objects</u>.  The defendant requests the opportunity to inspect and copy, as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.  Fed. R. Crim. P. 16(a)(1)(C).  Specifically, to the extent they were not already produced, the defendant requests copies of all photographs in the government's possession, including, but not limited to, the defendant and any other photos taken in connection with this case.

(11)    <u>Expert Witnesses</u>.  The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(E).  The defense requests that notice of expert testimony be provided at a minimum of two weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions and credentials of the government's expert.  The defense also requests a hearing in advance of trial to determine the admissibility of qualifications of any expert.  <u>See</u> <u>Kumho v. Carmichael Tire Co.</u> 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings . . ..").

(12)    <u>Evidence of Bias or Motive to Lie</u>.  The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

(13)    <u>Impeachment Evidence</u>.   The defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609 and 613; <u>Brady v. Maryland</u>.

1    (14)    <u>Evidence of Criminal Investigation of Any Government Witness</u>.  The defendant requests any

2  evidence that any prospective witness is under investigation by federal, state or local authorities for any

3  criminal conduct.

4    (15)    <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>.  The

5  defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show

6  that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and

7  any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an

8  alcoholic.

9    (16)    <u>Jencks Act Material</u>.  The defendant requests production in advance of trial of all material,

10  including any tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500;

11  Fed. R. Crim. P. 26.2.  Advance production will avoid the possibility of delay at the request of the defendant

12  to investigate the Jencks material.  A verbal acknowledgment that "rough" notes constitute an accurate

13  account of the witness' interview is sufficient for the report or notes to qualify as a statement under section

14  3500(e)(1).  <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963); <u>see also</u> <u>United States v. Boshell</u>, 952

15  F.2d 1101 (9th Cir. 1991) (holding that, where an agent goes over interview notes with subject, interview notes

16  are subject to Jencks Act).

17    (17)    <u>Giglio Information</u>.  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant

18  requests all statements and/or promises, express or implied, made to any government witnesses, in exchange

19  for their testimony in this case, and all other information which could arguably be used for the impeachment

20  of any government witnesses.

21    (18)    <u>Agreements Between the Government and Witnesses</u>.  In this case, the defendant requests

22  identification of any cooperating witnesses who have committed crimes, but were not charged, so that they

23  may testify for the government in this case.  The defendant also requests discovery regarding any express or

24  implicit promise; understanding; offer of immunity; past, present, or future compensation; or any other kind

25  of agreement or understanding, including any implicit understanding relating to criminal or civil income tax,

26  forfeiture or fine liability between any prospective government witness and the government (federal, state

27  and/or local).  This request also includes any discussion with a potential witness about, or advice concerning,

28

1  any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not

2  followed.

3      Pursuant to <u>United States v. Sudikoff</u>, 36 F.Supp.2d 1196 (C.D. Cal. 1999), the defense requests <u>all</u>

4  statements made, either personally or through counsel, <u>at any time</u>, which relate to the witnesses' statements

5  regarding this case, any promises -- implied or express -- regarding punishment/prosecution or detention of

6  these witnesses, any agreement sought, bargained for or requested, on the part of the witness at any time.

7      (19)   <u>Informants and Cooperating Witnesses</u>.  To the extent that there was any informant, or any

8  other tip leading to a TECS hit in this case, the defendant requests disclosure of the names and addresses of

9  all informants or cooperating witnesses used, or to be used, in this case, and in particular, disclosure of any

10  informant who was a percipient witness in this case or otherwise participated in the crime charged against

11  Mr. Rivas.  The government must disclose the informant's identity and location, as well as the existence of

12  any other percipient witness unknown or unknowable to the defense.  <u>Roviaro v. United States</u>, 353 U.S. 53,

13  61-62 (1957).  The government must disclose any information derived from informants which exculpates or

14  tends to exculpate the defendant.

15      (20)   <u>Bias by Informants or Cooperating Witnesses</u>.  The defendant requests disclosure of any

16  information indicating bias on the part of any informant or cooperating witness.  <u>Giglio v. United States</u>.

17  Such information would include what, if any, inducements, favors, payments or threats were made to the

18  witness to secure cooperation with the authorities.

19      (21)   <u>Inspection and Copying of A-File</u>.  **As noted above, Mr. Rivas requests that this Court**

20  **order the government to produce a full copy of all A-files and recordings of all deportation proceedings**

21  **relevant to Mr. Rivas, or in the alternative make such materials available for inspection and copying.**

22      (22)   <u>Residual Request</u>.  Mr. Rivas intends, by this discovery motion, to invoke his rights to

23  discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution

24  and laws of the United States.  Mr. Rivas requests that the government provide his attorney with the above-

25  requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

26  //

27  //

28  //

### III.

### <u>MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS</u>

Mr. Rivas and defense counsel have received limited discovery in this case. Specifically, after viewing the A-file, Mr. Rivas may file a motion attacking the validity of his alleged deportation, as well as a motion to suppress any statements by Mr. Rivas. In addition, if the government files an indictment in this matter, Mr. Rivas may file motions attacking the validity of that indictment. Finally, as new information surfaces due to the government providing discovery in response to these motions, or an order of this Court, the defense may find it necessary to file further motions, or to supplement existing motions with additional facts.

### IV.

### <u>CONCLUSION</u>

For the foregoing reasons, Mr. Rivas respectfully requests that the Court grant the above motions.

Respectfully submitted,

DATED:    May 9, 2008                      /s/ *Jennifer L. Coon*
                                          **JENNIFER L. COON**
                                          Federal Defenders of San Diego, Inc.
                                          Attorneys for Mr. Rivas

**<u>CERTIFICATE OF SERVICE</u>**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy Court

Assistant United States Attorney via ECF

Dated: May 9, 2008

_/s/ Jennifer L. Coon_
JENNIFER L. COON
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467  (tel)
(619) 687-2666  (fax)
e-mail: Jennifer_Coon@fd.org